IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**SIMON NEWMAN,**

       **Plaintiff,**

**v.**                                                       **Civil Action No. 2:09cv31**
                                                                  **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

       **Defendant.**


## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On March 3, 2009, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff asserts that on or about February 2, 2007, staff members at USP - Hazelton, while acting within the scope of their employment, did knowingly and maliciously retaliate against the plaintiff by fabricating and falsifying the plaintiff's "Male Custody Classification Points Sheet." Plaintiff asserts that these employees maliciously added one (1) point to the "Points Sheet" in order to raise plaintiff's custody level to United States penitentiary status. This designation led to the plaintiff's transfer to USP - Beaumont, TX. Plaintiff asserts that the staffers at USP - Hazelton fabricated these "Points" in order to keep him in penitentiary status because of his role as a Federal Government informant. As a result of his transfer, the plaintiff asserts that he has suffered numerous adverse effects at USP - Beaumont and will suffer further adverse effects in the future. Plaintiff asserts that this wrongful designation is a violation of the Eighth Amendment and his right to be free from retaliation.

On March 30, 2009, the plaintiff filed a motion to amend his newly filed complaint pursuant to the Federal Tort Claims Act ("FTCA"), which was granted by this Court on March 31, 2009. On March 31, 2009, the plaintiff was granted permission to proceed as a pauper. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

---

[1] Id. at 327.

## A. Claims Under § 1983

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against a federal agency and its employees. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added).

However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Accordingly, the plaintiff's constitutional claims are construed as arising under Bivens.

## B. Plaintiffs' Bivens Claims

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Moreover, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Here, the plaintiff asserts that the defendants have violated several of his constitutional rights without providing any factual support for his claims. Moreover, the plaintiff fails to identify any specific staff member at USP - Hazelton that participated in any alleged violation of his constitutional rights. Instead, the plaintiff merely makes conclusory and self-serving allegations that his rights have been violated. Accordingly, the plaintiff's Bivens claims are insufficiently pled and should be dismissed. However, even assuming that the plaintiff's Bivens claims were sufficiently

4

pled, those claims would fail for the following reasons:

   1.   **Right to Transfer**

The plaintiff asserts that he has the right to be housed in a reasonable and safe environment. Therefore, the plaintiff objects to his transfer to the United States Penitentiary in Beaumont, Texas.

However, it is well-established that an inmate has no right to be housed in any particular facility. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, the plaintiff cannot assert that any federal right was violated by his transfer to USP-Beaumont.

   2.   **Retaliatory Transfer**

A prisoner may state a claim of retaliatory transfer if the decision to transfer him was based on the inmate's exercise of a constitutionally protected right. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) (to state a retaliation claim, a plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right). Therefore, *"in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights." American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

Here, the plaintiff asserts that he was transferred in retaliation for his status as a Federal

5

Government informant. However, an inmate does not have a constitutional right to be free from retaliation when it is not based on a constitutionally protected right. In the instant case, the plaintiff fails to establish that he was transferred in retaliation for exercising a constitutionally protected right. Instead, the plaintiff merely makes conclusory allegations without any factual or evidentiary support. A bald statement by the plaintiff that he is entitled to relief without any factual support is insufficient to state a claim of retaliatory transfer.

For the foregoing reasons, the plaintiff has insufficiently pled and/or failed to state a claim against the defendants and the plaintiff's Bivens claims should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

## C. Federal Tort Claims

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because several of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia will govern those claims.

In West Virginia,

> every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty.

6

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939).

With regard to federal prisoners, the Bureau of Prisons ("BOP") owes a duty to provide suitable quarters, and to provide for the inmates' safekeeping, care, and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner in West Virginia, has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F.Supp. 431 (N.D.W.Va. 1997); Burdette v. Burdette, 127 S.E.2d 249 (1962). "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstances of time, place, manner, or person." Mallet v. Pickens, 206 W.Va. 145, 155, 522 S.E.2d 436, 446 (1999) (citations omitted).

Here, the plaintiff appears to argue that the BOP has failed in its duty to safeguard or care for him because it has improperly classified him at penitentiary level. The existence of such a duty to safeguard and protect is recognized in 18 U.S.C. § 4042. Consequently, this case turns on whether the defendant breached that duty. In this instance, reviewing the facts in the light most favorable to the plaintiff, the Court finds that the plaintiff has failed to show that his custody classification is incorrect, that his transfer was improper, or that any federal employee, in any way, breached the duty of care owed to him.

D. **Additional Claims**

The remainder of the plaintiff's claims, including claims of retaliation by prison officials for the filing of administrative remedies and conspiracy, occurred not at USP - Hazelton, but at USP - Beaumont after the plaintiff's transfer. However, USP- Beaumont is within the jurisdiction of the United States District Court for the Eastern District of Texas, and venue for these claims is not appropriate in this Court. 28 U.S.C. § 1391(b).

In order for a court to hear a case, the court must have both subject matter jurisdiction and personal jurisdiction. For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[2]

The Southern District of West Virginia has succinctly stated as follows regarding personal

---

[2]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.
(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary ... to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W.Va. 2004).

Pursuant to 28 U.S.C. §1915, the Court can *sua sponte* raise the issue of personal jurisdiction. See Hall v. Herman, 896 F. Supp. 588, (N.D. W.Va. 1995). With regard to the actions of the employees of USP - Beaumont, the plaintiff has failed to assert any contact by these defendants with the state of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the complaint, the Court cannot exercise personal jurisdiction over these defendants as any action they took appears to have occurred solely in Texas and not anywhere in West Virginia, and there is no indication that these defendants had any contact whatsoever with the State of West Virginia. Consequently, the additional claims by the plaintiff which occurred in Beaumont, Texas, should be dismissed because this Court lacks personal jurisdiction over any Texas defendants. See Harris v. United States, 2002 WL 824277 (N.D. TX

2002)(unpublished).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 4, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE