**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SIMON NEWMAN,**

    **Plaintiff,**

    **v.**                                                **Civil Action No. 2:09 CV 31
(Maxwell)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER

It will be recalled that the above-styled civil action was instituted on March 3, 2009, when *pro se* Plaintiff Simon Newman filed a civil rights complaint against the above-named Defendant pursuant to 42 U.S.C. § 1983.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.01, *et seq.*, of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. § 1915(e) and 1915A.

By Order entered March 31, 2009, Magistrate Judge Kaull granted the Plaintiff's Motion of Addendum to Newly Filed Civil Suit and gave the Plaintiff permission to amend his Complaint pursuant to the Federal Tort Claims Act.

On June 4, 2009, Magistrate Judge Kaull issued an Opinion/Report and Recommendation wherein he recommended that the Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim. Although Magistrate Judge Kaull found that the Plaintiff's **Bivens** claims were insufficiently pled and should be dismissed, he, nonetheless, analyzed each of the Plaintiff's **Bivens** claims as if they had been sufficiently pled. With regard to the Plaintiff's assertion that he had the right to be housed in a reasonable and safe environment and should not, accordingly, have been transferred to the United States Penitentiary in Beaumont,

Texas, Magistrate Judge Kaull found that the Plaintiff could not assert that his federal rights were violated by said transfer since no inmate has a right to be housed in any particular facility. Additionally, Magistrate Judge Kaull found that the Plaintiff had insufficiently pled and/or failed to state a claim against the Defendants with regard to his assertion that he was transferred to USP-Beaumont in retaliation for his status as a Federal Government informant. With regard to the Plaintiff's claim under the Federal Tort Claims Act, namely that the Bureau of Prisons had failed in its duty to safeguard or care for him as a result of its improper classification of him at penitentiary level, Magistrate Judge Kaull found that the Plaintiff had failed to show that his custody classification was incorrect; that his transfer was improper; or that any federal employee, in any way, breached the duty of care owed to him. Finally, with regard to the remainder of the Plaintiff's claims, including claims of retaliation by prison officials for the filing of administrative remedies and conspiracy, Magistrate Judge Kaull found that this Court lacked personal jurisdiction over said claims since they occurred at USP-Beaumont, which is within the jurisdiction of the United States District Court for the Eastern District of Texas.

Magistrate Judge Kaull's Opinion/Report and Recommendation provided the parties with ten (10) days from the date they were served with copies of said Opinion/Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report and Recommendation.

The Plaintiff's Objections To Opinion/Report and Recommendation were filed on July 17, 2009. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to

which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on July 17, 2009[1], the Plaintiff filed his Objections to Opinion/Report and Recommendation. In said Objections, the Plaintiff argues that the Magistrate Judge acted unethically and abused his discretion in the handling of the Plaintiff's case in a number of ways. According to the Plaintiff, the first indication that the Magistrate Judge was acting unethically and abusing his discretion came in an April 8, 2009, Order denying Plaintiff's Motion to Serve Suit wherein the Magistrate Judge stated that the Plaintiff had not yet paid his initial partial filing fee when the March 31, 2009, Order Granting Plaintiff's Motion to Proceed *In Forma Pauperis* expressly provided that "no initial partial filing fee will be required." The Plaintiff additionally alleges that the Magistrate Judge acted unethically and abused his discretion by intentionally entering his Opinion/Report and Recommendation on June 4, 2009, when he knew that on June 5, 2009, the Plaintiff was being released from prison to immigration status. According to the Plaintiff, the Magistrate Judge timed the entry of his Opinion/Report and Recommendation to make it difficult for the Plaintiff to file objections to said Opinion/Report and Recommendation. Finally, the Plaintiff alleges that the Magistrate Judge's bias is evidenced by the fact that he failed to add USP-Hazelton and its staff members to the caption of the case even though his Motion of Addendum to Newly Filed Civil Suit had been granted.

---

[1] It should be noted that the Plaintiff asserts at page four of his Objections that he did not receive a copy of Magistrate Judge Kaull's June 4, 2009, Order/Report and Recommendation until July 10, 2009. Docket Entry Number 18 reflects that service of the Plaintiff's copy of the June 4, 2009, Order/Report and Recommendation was accepted on July 5, 2009. Thus, it would appear that the Plaintiff's Objections were timely filed.

The Court has conducted a *de novo* review only as to the portions of the Opinion/Report and Recommendation to which the Plaintiff objected. The remaining portions of the Opinion/Report and Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

It should be noted that on October 5, 2009, the Plaintiff filed a Motion to Recuse United States Magistrate Judge John S. Kaull From This Docket No. 2:09CV31 Because of Conflict of Interest. In said Motion to Recuse, the Plaintiff made virtually the same arguments that he makes in his Objections with regard to what he alleges was bias and/or abuse of discretion on the part of Magistrate Judge Kaull. The Plaintiff's Motion to Recuse was denied by Order entered October 8, 2009, by Magistrate Judge Kaull. In his October 8, 2009, Order, Magistrate Judge Kaull acknowledged that an administrative error was made in his April 8, 2009, Order denying Plaintiff's Motion to Serve Suit but found that the Plaintiff had failed to meet his burden of showing that a reasonable observer might question said Magistrate Judge's impartiality given the circumstances of the case.

The Court has carefully considered the Petitioner's concerns regarding Magistrate Judge Kaull's impartiality and is firmly convinced that those concerns are unfounded. The undersigned United States District Judge has worked closely with Magistrate Judge Kaull for a number of years and has never seen any evidence that Magistrate Judge Kaull does not address each and every claim by each and every litigant in a completely fair, impartial and unbiased manner. Magistrate Judge Kaull acknowledged in his October 8, 2009, Order denying Plaintiff's Motion to Serve Suit that his erroneous statement that the Plaintiff had not yet paid the initial filing fee was the result of an administrative error. While administrative errors are unfortunate, they are not intentional and can be expected to occur occasionally given the volume of prisoner litigation that is filed in this District. Furthermore, given that there is nothing of record of this matter prior to the entry of Magistrate Judge Kaull's June 4, 2009,

4

Opinion/Report and Recommendation that indicates that the Plaintiff was scheduled to be released to immigration status on June 5, 2009, the Court fails to see how the Magistrate Judge could have known this and purposefully entered his Opinion/Report and Recommendation to immediately precede the Plaintiff's release. The Magistrate Judge's caseload is way too heavy for him to go to the trouble of obtaining information that is unnecessary to a case simply to make it difficult for an inmate to file objections. Finally, the Plaintiff is advised that it was not error or bias on the part of Magistrate Judge Kaull not to add USP-Hazelton and its staff members to the style of the case once he had granted the Plaintiff's Motion of Addendum to Newly Filed Civil Suit. The above-styled civil action was before the Magistrate Judge for a preliminary review pursuant to 28 U.S.C. § 1915A(b), which statute requires that the Court initially review a complaint to determine whether it is frivolous or malicious. Had Magistrate Judge Kaull not determined that the dismissal of the Plaintiff's Complaint for failure to state a claim was appropriate pursuant to 28 U.S.C. §§ 1915 and 1915A, then the additional Defendants would have been added to the style of the case.

The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. The Court finds that the issues raised by the Plaintiff in his Objections to Opinion/Report and Recommendation were thoroughly considered by Magistrate Judge Kaull in said Opinion/Report and Recommendation. The Court is of the opinion that Magistrate Judge Kaull's Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Order/Report and Recommendation entered by United States Magistrate Judge John S. Kaull on June 4, 2009 (Docket No. 13), be, and the same is hereby, **ACCEPTED** in whole, and the Court hereby incorporates the findings of fact and conclusions

of law made by Magistrate Judge Kaull in said Opinion/Report and Recommendation. It is further

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915 and 1915A, the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED** for failure to state a claim. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendant. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**DATED:** July 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE